In the Matter of Irene Edwards, on Her Own Behalf and on Behalf of Various Tenants of Premises 1060 Park Avenue, Borough of Manhattan, City of New York, Similarly Situated, Respondent, v. Robert E. Herman, as State Rent Administrator, Respondent, and 1060 Park Avenue Corp., Intervenor-Appellant.

First Department, November 8, 1962.

*Robert S. Fougner* of counsel (*McLaughlin & Fougner,* attorneys), for intervenor-appellant.

*Leonard Stern* for Irene Edwards, respondent.

*Robert Sugerman* of counsel (*Harold Zucker,* attorney), for State Rent Administrator, respondent.

STEVENS, J. On or about January 15, 1961, 1060 Park Avenue Corp. (herein landlord), purchased premises No. 1060 Park Avenue at a price of $2,050,000. On February 15, 1961, landlord sought an increase in rents on the ground that the net annual return was less than 6% of its valuation as reflected by the purchase price, which price landlord requested be considered the basis for eligibility.

The Local Rent Administrator, after conducting hearings, considering the facts and examining the documents produced, accepted the purchase price as the basis of valuation, and made rental adjustments based thereon.

The assessed valuation of the property was $1,175,000, and the equalized assessed valuation $1,526,000. The average rent per room was $51.48, with a gross annual rental of approximately $255,000, with a net return actually earned of $83,287.33. The contract price for the property was paid by a cash payment of $338,473.39, or 16.5% of the total price, and taking subject to three existing mortgages having a total principal balance of $978,045.33. In addition a purchase-money mortgage of approximately $733,500 was given to the seller. Thus the sum total of the mortgages substantially exceeded the equalized assessed valuation as well as the assessed valuation of the property.

While the proceeding was pending chapter 337 of the Laws of 1961 became effective on June 30, 1961. (Emergency Housing Rent Control Law, § 4, subd. 4, par. [a], cl. [1], subd. [v]; L. 1946, ch. 274, as amd.) In brief, this (1) prohibited the filing of an application for rental increases until after six months of ownership. This provision is not applicable here (see *I. L. F. Y. Co.* v. *Temporary State Housing Rent Comm.,* 10 N Y 2d 263). It was provided also (2) that orders on such applications, including pending proceedings, should not be issued until after one year of ownership or January 15, 1962, and (3) retroactive

effectiveness of such orders were barred. Concededly items (2) and (3) are applicable here. (See *I. L. F. Y.* case, *supra.*)

The Local Rent Administrator found the sale was bona fide, at arm's length, on normal financing terms, at a readily ascertainable price and unaffected by special circumstances. Accordingly, on February 4, 1962, the orders of increase were issued.

On protest by the tenants, numerous issues were raised and resolved in favor of the landlord. The Administrator's determination was issued April 3, 1962. Thereafter this proceeding was instituted in which, by order of the court, landlord was permitted to intervene.

Special Term held the affirmance of the Local Rent Administrator's order to be arbitrary and capricious, and ordered a remand with the direction that the matter be processed upon the basis of equalized assessed valuation.

On appeal the question to be resolved is whether there is substantial evidence to support the Administrator's determination. If there is, the order appealed from must be reversed. (See *Matter of Realty Agency* v. *Weaver*, 7 N Y 2d 249; Emergency Housing Rent Control Law, § 9.)

The petitioners urge, *inter alia,* that the cash payment was less than 20% of the sale price, the ratio of the cash payment to the annual gross income of the property is inordinate, the total of the outstanding mortgages exceeds the equalized assessed valuation by approximately $200,000, there is actual deferred amortization in the purchase-money mortgage, and the ratio of the sale price to the annual gross income can hardly be justified.

There is no evidence in the record that the sale was other than bona fide and a transaction conducted at arm's length. The Administrator, based upon his experience, determined that the sale price did not represent a distorted reflection of value because of income, area, location and condition of the property. The Administrator determined, under the circumstances here, that the relationship of 8 to 1 between current income and sale price was not abnormal. While the sum total of the mortgages exceeded the equalized assessed valuation by approximately $200,000, the Administrator pointed out that this was only one factor to be considered and that Park Avenue properties " are notoriously under-assessed." Also, the first three mortgages (two of which were rather old) which existed before this sale are relatively low and would have no bearing on the normality of the current financing since the cash payment was not inadequate. Additionally it should be noted that despite the mortgage

structure there was an operating profit even after making mortgage payments.

On this record it cannot be said that the cash paid was inadequate (cf. *Matter of Bajart Management* v. *Weaver,* 8 A D 2d 56), or that the sale price was distorted and its use unauthorized (cf. *Matter of Payson* v. *Caputa,* 9 A D 2d 226). Moreover the cash paid was roughly equivalent to $1\frac{1}{3}$ years income, and there is no unalterable rule that 20% of the sales price be paid in cash (cf. *Matter of Bajart Management* v. *Weaver, supra; Matter of Simon* v. *Herman,* 15 A D 2d 650.)

Since we find there was substantial evidence to support the determination of the Administrator, the order appealed from should be reversed on the law and the facts, with costs, and the determination of the Administrator reinstated.

RABIN, J. P., McNALLY, EAGER and BERGAN, JJ., concur.

Order, entered on July 16, 1962, unanimously reversed on the law and on the facts, with $20 costs and disbursements to appellant, and the determination of the respondent, State Rent Administrator, reinstated.